# EXHIBIT A

FILED by Macomb County Circuit Court
6/12/2025

2025-002474-NO
STREICHERT, MAR

Approved, SCAO

| | | |
|---|---|---|
| | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |

| STATE OF MICHIGAN<br>16TH JUDICIAL CIRCUIT | JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY | SUMMONS | CASE NO.<br>2025-002474-NO |
|---|---|---|---|

| Court address<br>40 N. MAIN STREET, MT. CLEMENS, MI 48043 | Court telephone no.<br>(586) 469-7171 |
|---|---|

| Plaintiff's name, address, and telephone no.<br>MARTHA STREICHERT | v | Defendant's name, address, and telephone no.<br>OLLIE'S BARGAIN OUTLET, INC., a Foreign Profit Corporation |
|---|---|---|

Plaintiff's attorney, bar no., address, and telephone no.
BRIAN L. FANTICH (P60935)
CARRA J. STOLLER (P64540)
ADAM J. GANTZ (P58558)
30903 NORTHWESTERN HWY., STE. 270
FARMINGTON HILLS, MI 48334

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.    **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.

2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to file a written answer with the court and serve a copy on the other party **or take other lawful action with the court (28 days if you were served by mail or you were served outside of Michigan).**

3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

4. If you require accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>JUN 1 2 2025 | Expiration date*<br>SEP 1 1 2025 | Court clerk<br>ANTHONY G. FORLINI |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01   (3/23)   **SUMMONS**                    MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

Summons   (3/23)                                                    Case No. _____

## PROOF OF SERVICE

**TO PROCESS SERVER:** You must serve the summons and complaint and file proof of service with the court clerk before the expiration date on the summons. If you are unable to complete service, you must return this original and all copies to the court clerk.

## CERTIFICATE OF SERVICE / NONSERVICE

☐ I served    ☐ personally    ☐ by registered or certified mail, return receipt requested, and delivery restricted to the the addressee (copy of return receipt attached)    a copy of the summons and the complaint, together with the attachments listed below, on:

☐ I have attempted to serve a copy of the summons and complaint, together with the attachments listed below, and have been unable to complete service on:

| Name | Date and time of service |
|---|---|
| Place or address of service | |
| Attachments (if any) | |

☐ I am a sheriff, deputy sheriff, bailiff, appointed court officer or attorney for a party.

☐ I am a legally competent adult who is not a party or an officer of a corporate party. I declare under the penalties of perjury that this certificate of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee | Miles traveled | Fee | | Signature |
|---|---|---|---|---|
| $ | | $ | | |
| Incorrect address fee | Miles traveled | Fee | TOTAL FEE | Name (type or print) |
| $ | | $ | $ | |

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of a copy of the summons and complaint, together with

_____ on _____
Attachments (if any)                                          Date and time

_____ on behalf of _____
Signature

_____
Name (type or print)

MCL 600.1910, MCR 2.104, MCR 2.105

FILED by Macomb County Circuit Court
6/12/2025

2025-002474-NO
STREICHERT, MAR

## STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF MACOMB

MARTHA STREICHERT,

      Plaintiff,

vs.

Case No.    2025-002474-NO  NO

Hon:    MICHAEL E. SERVITTO

OLLIE'S BARGAIN OUTLET, INC.,
A Foreign Profit Corporation

NATIONAL ENTERTAINMENT NETWORK, LLC,
a Foreign Limited Liability Company

      Defendant.

_____/

LAW OFFICE OF KELMAN & FANTICH
BRIAN L. FANTICH P60935
CARRA J. STOLLER P64540
ADAM J. GANTZ P58558
Attorney for Plaintiff
30903 Northwestern #270
Farmington Hills, MI 48334
(248) 855-0100
FAX (248) 855-3557

_____/

> There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this complaint pending in this court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this complaint that is either pending or was previously filed and dismissed, transferred, or otherwise disposed of after having been assigned to a judge in this court.

## COMPLAINT

NOW COMES the above-named Plaintiff, by and through her attorneys, THE LAW

OFFICE KELMAN & FANTICH, and files this Complaint against the Defendant and states as

follows:

    1. That Plaintiff is a resident of the City of Macomb, County of Macomb, State of

Michigan.

2. That at all times hereinafter mentioned, prior and subsequent thereto, Defendant,

OLLIE'S BARGAIN OUTLET, INC., A Foreign Profit Corporation doing business at 45100

Northpointe Blvd, in the City of Utica, County of Macomb, State of Michigan with its resident

agent, CSC Lawyers Incorporating Service Co., 3410 Belle Chase Way, Ste. 600, Lansing, MI

48911.

3. That at all times hereinafter mentioned, prior and subsequent thereto, Defendant,

NATIONAL ENTERTAINMENT NETWORK, LLC, a Foreign Limited Liability Company

doing business at 45100 Northpointe Blvd, in the City of Utica, County of Macomb, State of

Michigan with its resident agent, The Corporation Company, 40600 Ann Arbor Rd., Ste. 201,

Plymouth, MI 48170.

4. That the amount in controversy herein exceeds the sum of Twenty Five Thousand

($25,000.00) Dollars exclusive of costs, interest and attorney fees.

5. That on or about August 6, 2022, the Defendant did business and was the owners

and/or maintainers of real property located at 45100 Northpointe Blvd, in the City of Utica,

County of Macomb, State of Michigan.

6. That on or about August 6, 2022, Defendant had exclusive possession and control

over the area where the incident occurred.

7. That on or about August 6, 2022, Plaintiff was a business invitee at Defendant's

establishment located at 45100 Northpointe Blvd, in the City of Utica, County of Macomb, State

of Michigan; that on that date, Plaintiff was walking on Defendant's premises when, suddenly

and without warning, she slipped and fell on a slippery, transparent liquid substance that had

been allowed to accumulate on the floor for an unreasonable length of time, which blended with

the color and contour of the floor and which caused Plaintiff to sustain serious and disabling injuries, as more fully hereinafter set forth.

8. That at all times relevant to the within, the Defendants owed a duty to the Plaintiff to properly maintain the premises and were in a position to best control and prevent the condition exposing the Plaintiff to the unreasonable risk of harm, and knew of the defective and unsafe condition on the floor.

9. That the Defendants owed a duty to the Plaintiff to inspect the area to ensure that the premises would pose no risk of unreasonable harm to those lawfully on the premises.

10. That notwithstanding said knowledge and in total disregard of said duties, the Defendants breached the same by the following omissions, including but not limited to:

    a.    Allowing the transparent, wet, slippery condition to remain on the floor for an unreasonable period of time; ·

    b.    Failing to mop, clean and/or inspect the area, thereby negligently and carelessly increasing said hazardous condition;

    c.    Negligently and carelessly failing to keep the area in a condition fit for its intended and foreseeable use and allowing said camouflaged hazard to remain in the area where customers were known to traverse;

    d.    Failing to warn business invitees and others of the dangerous and hazardous condition on their premises.

11. That Defendant are liable for the negligent actions/inactions of its employees, representatives pursuant to the *doctrine of respondeat superior.*

12. That Defendant under a separate and distinct duty owed to Plaintiff, are responsible for the active negligence of its employees and are liable to Plaintiff for the injuries sustained to her.

13. That Defendant under a separate and distinct duty owed to Plaintiff Defendant

negligently performed their respective obligations-duties to the detriment of Plaintiff under the contract causing severe and disabling injuries giving rise to tort liability.

14.   That Defendant under a separate and distinct duty owed to Plaintiff Defendant through their respective active negligence created a new hazard altering the premises which posed an unreasonable risk of harm to the detriment of Plaintiff causing severe and disabling injuries.

15.   That as a direct and proximate result of the negligence and carelessness of Defendant, and all of them, the Plaintiff sustained damages including, but not necessarily limited to:

a.   Severe injuries to left foot requiring surgery; altered gait, permanent limp, inability to ambulate, permanent scarring; diminished extension, flexion, and range of motion; injury to left ankle; injuries to left knee; injuries to both hips, injuries to her head, neck, back, and spine; severe injuries to her upper and lower extremities; decrease in gross and fine motor skills;  severe shock, as well as physical pain and suffering;

b.   The requirement of intense therapy for injuries which are permanent in nature;

c.   Severe humiliation and embarrassment, which is of an ongoing and permanent nature;

d.   Loss of full ability to perform the normal vocational and avocational activities of life, and which prevent Plaintiff from participating in recreational activities, which loss is permanent;

e.   Past, present and future hospital, medical, and pharmaceutical bills for treatment and medication;

f.   Severe, frequent and persistent pain which is of a continuing and permanent nature.

16.   That Defendant enjoyed joint possession and control over the are/premises where Plaintiff was injured.

17.   That Defendant under a separate and distinct duty owed to Plaintiff Defendant

negligently directed/escorted Plaintiff to a defective area on the premises causing Plaintiff to sustain serious and disabling injuries.

18. That Defendant under a separate and distinct duty failed to direct/escort Plaintiff to a safe hazard free area, thereby causing Plaintiff to sustain serious and disabling injuries.

19. The Defendants through a separate and distinct theory of liability are liable to Plaintiff under the doctrine of res ipsa loquitur which the defendants breached violated.

20. That in the event that Plaintiff was suffering from any other medical and/or emotional condition, then in that event, Plaintiff claims that those conditions were precipitated, aggravated and/or accelerated by reason of the foregoing incident herein described.

WHEREFORE, Plaintiff prays for Judgment against the Defendant in whatever amount above Twenty Five Thousand Dollars ($25,000.00) that Plaintiff may be found to be entitled plus costs, interest and attorney fees so wrongfully sustained.

LAW OFFICE OF KELMAN & FANTICH

Dated: June 10, 2025

By:_____
BRIAN L. FANTICH P-60935
Attorney for Plaintiff
30903 Northwestern Hwy., Ste. 270
Farmington Hills, MI 48334
(248) 855-0100

**STATE OF MICHIGAN**
**IN THE CIRCUIT COURT FOR THE COUNTY OF MACOMB**

MARTHA STREICHERT,

      Plaintiff,                             Case No. 25-002474-NO

v.                                          Hon. Michael E. Servitto

OLLIE'S BARGAIN OUTLET, INC. a foreign
profit corporation, and NATIONAL
ENTERTAINMENT NETWORK, LLC, a foreign
profit corporation,

      Defendants.

---

| | |
|---|---|
| Brian L. Fantich (P60935) | Joel C. Bryant (P79506) |
| Carra J. Stoller (P64540) | James Johnson (P86153) |
| Adam J. Gantz (P58558) | MILLER, CANFIELD, PADDOCK AND |
| LAW OFFICE OF KELMAN & FANTICH | STONE, P.L.C. |
| 30903 Northwestern #270 | 101 North Main St., 7th Floor |
| Farmington Hills, MI 48334 | Ann Arbor, MI 48104 |
| (248) 855-0100 | (734) 633-2445 |
| *Attorneys for Plaintiff* | bryant@millercanfield.com |
| | johnsonj@millercanfield.com |
| | *Attorneys for Defendant Ollie's Bargain* |
| | *Outlet, Inc.* |

---

**DEFENDANT OLLIE'S BARGAIN OUTLET, INC.'S**
**ANSWER TO PLAINTIFF'S COMPLAINT**

    Defendant Ollie's Bargain Outlet, Inc. (Ollie's), by and through its attorneys, Miller,

Canfield, Paddock and Stone, P.L.C., states the following for its Answer to Plaintiff's Complaint:

    1.     That Plaintiff is a resident of the City of Macomb, County of Macomb, State of

Michigan.

    **ANSWER**: Ollie's lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph of the Complaint and therefore leaves Plaintiff to her

proofs.

Document received by the MI Macomb 16th Circuit Court.

2.      That at all times hereinafter mentioned, prior and subsequent thereto, Defendant, OLLIE'S BARGAIN OUTLET, INC., a Foreign Profit Corporation doing business at 45100 Northpoint Blvd, in the City of Utica, County of Macomb, State of Michigan with its resident agent, CSC Lawyers Incorporating Service, Co., 3410 Belle Chase Way, Ste. 600, Lansing, MI 48911.

**ANSWER**: Ollie's admits that at the time of the incident alleged in the Complaint, and at the present time, the facts stated in this paragraph of the Complaint were and are accurate. As to other unspecified times in the past, Ollie's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and therefore leaves Plaintiff to her proofs.

3.      That at all times hereinafter mentioned, prior and subsequent thereto, Defendant, NATIONAL ENTERTAINMENT NETWORK, LLC, a Foreign Limited Liability Company doing business at 41500 Northpoint Blvd, in the City of Utica, County of Macomb, State of Michigan with its resident agent, The Corporation Company, 40600 Ann Arbor Rd., Ste. 201, Plymouth, MI 48170.

**ANSWER**: Ollie's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and therefore leaves Plaintiff to her proofs.

4.      That the amount in controversy herein exceeds the sum of Twenty Five Thousand ($25,000.00) Dollars exclusive of costs, interest and attorney fees.

**ANSWER**: Ollie's admits only that Plaintiff seeks damages in excess of $25,000, exclusive of costs, interest, and attorney's fees. Ollie's denies as untrue that it is liable to Plaintiff in any amount.

Document received by the MI Macomb 16th Circuit Court.

5.      That on or about August 6, 2022, the Defendant did business and was owners and/or maintainers of real property located at 45100 Northpoint Blvd, in the City of Utica, County of Macomb, State of Michigan.

**ANSWER**: It is unclear which defendant this paragraph refers to, so Ollie's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and therefore leaves Plaintiff to her proofs.

6.      That on or about August 6, 2022, Defendant had exclusive possession and control over the area where the incident occurred.

**ANSWER**: It is unclear which defendant this paragraph refers to, so Ollie's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and therefore leaves Plaintiff to her proofs.

7.      That on or about August 6, 2022, Plaintiff was a business invitee at Defendant's establishment located at 45100 Northpoint Blvd, in the City of Utica, County of Macomb, State of Michigan; that on that date, Plaintiff was walking on Defendant's premises when, suddenly and without warning, she slipped and fell on a slippery, transparent liquid substance that had been allowed to accumulate on the floor for an unreasonable length of time, which blended with the color and contour of the floor and which caused Plaintiff to sustain serious and disabling injuries, as more fully hereinafter set forth.

**ANSWER**: Whether Plaintiff was a business invitee is a legal conclusion for the Court to decide and therefore no answer is required. To the extent an answer is required, Ollie's lacks knowledge or information sufficient to form a belief as to the truth of the that allegation and therefore leaves Plaintiff to her proofs. As to the facts alleged in this paragraph, it is unclear which defendant this paragraph refers to, so Ollie's lacks knowledge or information sufficient to form a

Document received by the MI Macomb 16th Circuit Court.

belief as to the truth of the allegations in this paragraph of the Complaint and therefore leaves Plaintiff to her proofs.

8.     That at all times relevant to the within, the Defendants owed a duty to the Plaintiff to properly maintain the premises and were in a position to best control and prevent the condition exposing the Plaintiff to the unreasonable risk of harm and knew of the defective and unsafe condition on the floor.

**ANSWER**: Whether either of the defendants owed Plaintiff a duty is a legal question for the Court to decide and therefore no answer is required. To the extent an answer is required, Ollie's admits only that it is subject to the duties required by law and denies as untrue any allegation that it violated any such duties. To the extent any further answer is required, Ollie's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and therefore leaves Plaintiff to her proofs.

9.     That the Defendants owed a duty to the Plaintiff to inspect the area to ensure that the premises would pose no risk of unreasonable harm to those lawfully on the premises.

**ANSWER**: Whether either of the defendants owed Plaintiff a duty is a legal question for the Court to decide and therefore no answer is required. To the extent an answer is required, Ollie's admits only that it is subject to the duties required by law and denies as untrue any allegation that it violated any such duties. To the extent any further answer is required, Ollie's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint aimed at Defendant National Entertainment Network, LLC ("NEN") and therefore leaves Plaintiff to her proofs.

10.     That notwithstanding said knowledge and in total disregard of said duties, the Defendants breached the same by the following omissions, including but not limited to:

Document received by the MI Macomb 16th Circuit Court.

4

a.      Allowing the transparent, wet, slippery condition to remain on the floor for an unreasonable period of time;

b.      Failing to mop, clean and/or inspect the area, thereby negligently and carelessly increasing said hazardous condition;

c.      Negligently and carelessly failing to keep the area in a condition fit for its intended and foreseeable use and allowing said camouflaged hazard to remain in the area where customers were known to traverse;

d.      Failing to warn business invitees and others of the dangerous and hazardous condition to their premises.

**ANSWER**: As to itself, Ollie's denies the allegations in this paragraph as untrue, including but not limited to subparagraphs (a)-(d). To the extent any further answer is required, Ollie's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint aimed at NEN and therefore leaves Plaintiff to her proofs.

11.      That Defendant are liable for the negligent actions/inactions of its employees, representatives pursuant to the *doctrine of respondeat superior.*

**ANSWER**: Whether the doctrine of respondeat superior applies in this matter is a legal question for the Court to decide and therefore no answer is required. To the extent an answer is required, Ollie's lacks knowledge or information sufficient to form a belief as to the truth of the that allegation and therefore leaves Plaintiff to her proofs.

12.      That Defendant under a separate and distinct duty owed to Plaintiff, are responsible for the active negligence of its employees and are liable to Plaintiff for the injuries sustained to her.

**ANSWER**: Whether either defendant owed Plaintiff a duty is a legal question for the Court to decide and therefore no answer is required. If an answer is required, Ollie's admits only that it is subject to the duties required by law and denies as untrue any allegation that it violated any such duties or is liable for any of Plaintiff's alleged injuries. To the extent any further answer is required,

Document received by the MI Macomb 16th Circuit Court.

Ollie's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint aimed at NEN and therefore leaves Plaintiff to her proofs.

13. That Defendant under a separate and distinct duty owed to Plaintiff Defendant negligently performed their respective obligations-duties to the detriment of Plaintiff under the contract causing sever and disabling injuries giving rise to tort liability.

**ANSWER**: Whether either defendant owed Plaintiff a duty is a legal question for the Court to decide and therefore no answer is required. If an answer is required, Ollie's admits only that it is subject to the duties required by law and denies as untrue any allegation that it violated any such duties or is liable for any of Plaintiff's alleged injuries. To the extent any further answer is required, Ollie's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint aimed at NEN and therefore leaves Plaintiff to her proofs.

14. That Defendant under a separate and distinct duty owed to Plaintiff Defendant through their respective active negligence created a new hazard altering the premises which posed an unreasonable risk of harm to the detriment of Plaintiff causing sever and disabling injuries.

**ANSWER**: Whether either defendant owed Plaintiff a duty is a legal question for the Court to decide and therefore no answer is required. If an answer is required, Ollie's admits only that it is subject to the duties required by law and denies as untrue any allegation that it violated any such duties or is liable for any of Plaintiff's alleged injuries. To the extent any further answer is required, Ollie's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint aimed at NEN and therefore leaves Plaintiff to her proofs.

15. That as a direct and proximate result of the negligence and carelessness of Defendant, and all of them, the Plaintiff sustained damages including, but not necessarily limited to:

Document received by the MI Macomb 16th Circuit Court.

a.      Sever injuries to left foot requiring surgery; alter gait, permanent limp, inability to ambulate, permanent scarring; diminished extension, flexion, and range of motion; injury to left ankle; injuries to left knee; injuries to both hips, injuries to her head, neck, back, and spine; severe injuries to her upper and lower extremities; decrease in gross and fine motor skills; severe shock, as well as physical pain and suffering;

b.      The requirement of intense therapy for injuries which are permanent in nature;

c.      Severe humiliation and embarrassment, which is of an ongoing and permanent nature;

d.      Loss of full ability to perform the normal vocational and avocational activities of life, and which prevent Plaintiff from participating in recreational activities, which loss is permanent;

e.      Past, present and future hospital, medical, and pharmaceutical bills for treatment and medication;

f.      Severe, frequent and persistent pain which is of a continuing and permanent nature.

**ANSWER**: As to itself, Ollie's denies the allegations in this paragraph as untrue, including but not limited to subparagraphs (a)-(f). To the extent any further answer is required, Ollie's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint aimed at NEN and therefore leaves Plaintiff to her proofs.

16.     That Defendant enjoyed joint possession and control over the are/premises where Plaintiff was injured.

**ANSWER**: It is unclear which defendant this paragraph refers to, so Ollie's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and therefore leaves Plaintiff to her proofs.

Document received by the MI Macomb 16th Circuit Court.

17.     That Defendant under a separate and distinct duty owed to Plaintiff Defendant negligently directed/escorted Plaintiff to a defective area on the premises causing Plaintiff to sustain serious and disabling injuries.

**ANSWER**: Whether either defendant owed Plaintiff a duty is a legal question for the Court to decide and therefore no answer is required. If an answer is required, Ollie's admits only that it is subject to the duties required by law and denies as untrue any allegation that it violated any such duties or is liable for any of Plaintiff's alleged injuries. As to the factual allegations in this paragraph, it is unclear which defendant this paragraph refers to, so Ollie's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and therefore leaves Plaintiff to her proofs.

18.     That Defendant under a separate and distinct duty failed to direct/escort Plaintiff to a safe hazard free area, thereby causing Plaintiff to sustain serious and disabling injuries.

**ANSWER**: Whether either defendant owed Plaintiff a duty is a legal question for the Court to decide and therefore no answer is required. If an answer is required, Ollie's admits only that it is subject to the duties required by law and denies as untrue any allegation that it violated any such duties or is liable for any of Plaintiff's alleged injuries. As to the factual allegations in this paragraph, it is unclear which defendant this paragraph refers to, so Ollie's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and therefore leaves Plaintiff to her proofs.

19.     The Defendants through a separate and distinct theory of liability are liable to Plaintiff under the doctrine of *res ipsa loquitur* which the defendants breached violated.

**ANSWER**: Whether the doctrine of res ipsa loquitur applies in this matter is a legal question for the Court to decide and therefore no answer is required. To the extent an answer is

Document received by the MI Macomb 16th Circuit Court.

required, Ollie's denies as untrue any allegation that it is liable to Plaintiff on any theory of liability or in any amount. To the extent any further answer is required, Ollie's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint aimed at NEN and therefore leaves Plaintiff to her proofs.

20.     That in the event that Plaintiff was suffering from any other medical and/or emotional condition, then in that event, Plaintiff claims that those conditions were precipitated, aggravated and/or accelerated by reason of the foregoing incident herein described.

**ANSWER**: Ollie's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and therefore leaves Plaintiff to her proofs.

WHEREFORE, Ollie's respectfully requests that this Honorable Court enter a judgment in its favor, dismiss Plaintiff's Complaint with prejudice, and award to Ollie's its costs and attorney fees wrongfully incurred.

Respectfully submitted,

By: */s/ Joel C. Bryant*
        Joel C. Bryant (P79506)
        James Johnson (P86153)
        Miller, Canfield, Paddock and Stone, PLC
        101 N. Main Street, 7th Floor
        Ann Arbor, MI 48104
        (734) 663-2445
        bryant@millercanfield.com
        johnsonj@millercanfield.com
        *Attorneys for Defendant Ollie's Bargain Outlet, Inc.*

Dated: July 21, 2025

Document received by the MI Macomb 16th Circuit Court.

**CERTIFICATE OF SERVICE**

I hereby certify that on July 21, 2025, I electronically filed the foregoing document using

the MiFile system, which will send notification of such filing to all counsel of record.


By: */s/ Joel C. Bryant*
          Joel C. Bryant (P79506)

Document received by the MI Macomb 16th Circuit Court.

**STATE OF MICHIGAN**
**IN THE CIRCUIT COURT FOR THE COUNTY OF MACOMB**

MARTHA STREICHERT,

      Plaintiff,                            Case No. 25-002474-NO

v.                                          Hon. Michael E. Servitto

OLLIE'S BARGAIN OUTLET, INC. a foreign
profit corporation, and NATIONAL
ENTERTAINMENT NETWORK, LLC, a foreign
profit corporation,

      Defendants.

---

| | |
|---|---|
| Brian L. Fantich (P60935) | Joel C. Bryant (P79506) |
| Carra J. Stoller (P64540) | James Johnson (P86153) |
| Adam J. Gantz (P58558) | MILLER, CANFIELD, PADDOCK AND |
| LAW OFFICE OF KELMAN & FANTICH | STONE, P.L.C. |
| 30903 Northwestern #270 | 101 North Main St., 7th Floor |
| Farmington Hills, MI 48334 | Ann Arbor, MI 48104 |
| (248) 855-0100 | (734) 633-2445 |
| *Attorneys for Plaintiff* | bryant@millercanfield.com |
| | johnsonj@millercanfield.com |
| | *Attorneys for Defendant Ollie's Bargain* |
| | *Outlet, Inc.* |

---

**AFFIRMATIVE AND/OR SPECIAL DEFESNSES OF DEFENDANT OLLIE'S
BARGAIN OUTLET, INC.**

      Defendant Ollie's Bargain Outlet, Inc., by and through its attorneys, Miller, Canfield,

Paddock and Stone, P.L.C., for its Affirmative and/or Special Defenses to Plaintiff's Complaint,

state that it has not had the opportunity to conduct a full investigation and discovery as to the

matters set forth in Plaintiff's Complaint, and will rely on the following Affirmative and/or Special

Defenses only as may prove applicable, including as may prove applicable after discovery and/or

trial:

Document received by the MI Macomb 16th Circuit Court.

1.      Discovery and/or investigation may reveal that one of more of Plaintiff's claims against Defendants are barred, in whole or in part, because the Complaint fails to state a claim upon which relief can be granted.

2.      Discovery and/or investigation may reveal that Plaintiff's claims are barred, in whole or in part, because Plaintiff's cause of action fails for want of breach of duty.

3.      Discovery and/or investigation may reveal that Plaintiff's claims are barred, in whole or in part, because Plaintiff cannot establish the requisite proximate cause.

4.      Discovery and/or investigation may reveal that one or more of Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations and/or repose.

5.      Discovery and/or investigation may reveal that Plaintiff's claims are barred because Ollie's employees acted outside the scope of their employment.

6.      Discovery and/or investigation may reveal that Plaintiff's claims based on respondeat superior are barred because it is not an independent cause of action and/or does not apply.

7.      Discovery and/or investigation may reveal that one or more of Plaintiff's claims is barred, in whole or in part, by the doctrines of waiver, estoppel, laches, release, payment, or prior judgment.

8.      Discovery and/or investigation may reveal that one or more of Plaintiff's claims is barred, in whole or in part, because Plaintiff has assigned some or all of her rights to a third party or third parties, and thus lacks standing.

9.      Discovery and/or investigation may reveal that Plaintiff's claims are barred by the unforeseeable, independent, supervening, negligent, intentional, reckless, and/or criminal conduct of others.

Document received by the MI Macomb 16th Circuit Court.

10.     Discovery and/or investigation may reveal that Plaintiff's fault is greater than the aggregate fault of Ollie's.

11.     Discovery and/or investigation may reveal that Plaintiff's cause of action fails for want of actual or constructive notice of any dangerous or hazardous condition allegedly present on the premises at all times pertinent hereto.

12.     Discovery and/or investigation may reveal that there are no special aspects of the allegedly hazardous condition, such that Ollie's owed no duty to Plaintiff.

13.     Discovery and/or investigation may reveal that Plaintiff's claims are barred, in whole or in part, because Plaintiff was on notice of the allegedly hazardous condition.

14.     Discovery and/or investigation may reveal that the Plaintiff disregarded proper, visible warning signs.

15.     Discovery and/or investigation may reveal that the dangerous condition alleged by Plaintiff was open and obvious upon casual inspection by an average user of ordinary intelligence.

16.     Discovery and/or investigation may reveal that Plaintiff's claims are barred by assumption of risk.

17.     Discovery and/or investigation may reveal that Plaintiff acted in willful and wanton disregard of the alleged danger.

18.     Discovery and/or investigation may reveal that one or more of Plaintiff's claims are barred, in whole or in part, because the Plaintiff failed to utilize appropriate protective measures or pursue reasonable alternative routes.

19.     Discovery and/or investigation may reveal that one or more of Plaintiff's claims is barred, in whole or in part, by unknown alteration or modification of the area involved in the accident by unknown or unnamed third parties.

Document received by the MI Macomb 16th Circuit Court.

20.     Discovery and/or investigation may reveal that Plaintiff's claims are barred because the alleged slippery surface was caused by extreme weather conditions that were beyond Ollie's control.

21.     Ollie's retains the right to seek contribution and/or indemnification against any parties and/or non-parties that may proximately have caused the incident at issue, even those that are not presently before this Court.

22.     Plaintiff has no contractual or other right to recover attorney fees and costs as alleged in the Complaint.

23.     Discovery and/or investigation may reveal that one or more of Plaintiff's claims fails because they are offset in whole or in part.

24.     Discovery and/or investigation may reveal that one or more of Plaintiff's claims is barred, in whole or in part, due to spoliation of evidence.

25.     Discovery and/or investigation may reveal that Plaintiff cannot prove that Ollie's is liable as a matter of law.

26.     Discovery and/or investigation may reveal that one or more of Plaintiff's claims fails, in whole or in part, because Plaintiff cannot prove each element of the claims alleged.

27.     Discovery and/or investigation may reveal that Ollie's exercised due care and conducted itself in accordance with applicable custom and practice in the industry and complied with all then-existing federal, state, and local statutory and regulatory requirements.

28.     Discovery and/or investigation may reveal that Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to watch for her own safety when the accident occurred and the injuries alleged were, in whole or in part, the proximate result of Plaintiff's own negligence.

Document received by the MI Macomb 16th Circuit Court.

29.     Discovery and/or investigation may reveal that Plaintiff's claims are barred, in whole or in part, because Plaintiff cannot prove damages.

30.     Discovery and/or investigation may reveal that Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate her alleged damages.

31.     Discovery and/or investigation may reveal that one or more of Plaintiff's claims is barred, in whole or in part, because all or part of Plaintiff's alleged injuries and/or damages pre-existed the incident alleged in Plaintiff's Complaint.

32.     Ollie's hereby serves notice pursuant to Michigan Public Acts 161 and 249 of 1985, and in particular M.C.L.A. §§ 600.2957 and 600.6304, that it shall ask the jury to consider the fault of each person or party potentially at fault, regardless of whether that person or party is or could have been named in the action.

33.     Ollie's reserves the right, upon completion of its investigation and discovery, to file such amended answers or additional defenses as may be appropriate.

WHEREFORE, Ollie's respectfully requests that this Honorable Court enter a judgment in its favor, dismiss Plaintiff's Complaint with prejudice, and award to Ollie's its costs and attorney fees wrongfully incurred.

Respectfully submitted,

By: */s/ Joel C. Bryant*
      Joel C. Bryant (P79506)
      James Johnson (P86153)
      Miller, Canfield, Paddock and Stone, PLC
      101 N. Main Street, 7th Floor
      Ann Arbor, MI 48104
      (734) 663-2445
      bryant@millercanfield.com
      johnsonj@millercanfield.com
      *Attorneys for Defendant Ollie's Bargain Outlet, Inc.*

Dated: July 21, 2025

Document received by the MI Macomb 16th Circuit Court.

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2025, I electronically filed the foregoing document using the MiFile system, which will send notification of such filing to all counsel of record.

By: */s/ Joel C. Bryant*
    Joel C. Bryant (P79506)

44132890.5/162694.00003

Document received by the MI Macomb 16th Circuit Court.

FILED by Macomb County Circuit Court
7/18/2025 9:12:42 AM
Service, Submitted, and File

2025-002474-NO
STREICHERT V OLLIES BARGAIN OUTLET INC E

Case 2:25-cv-12273-GAD-DRG   ECF No. 1-2, PageID.37   Filed 07/25/25   Page 25 of 31

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF MACOMB

MARTHA STREICHERT,

               Plaintiff,                      Case No: 2025-002474-NO

-vs-                                     Hon: Michael E. Servitto

OLLIE'S BARGAIN OUTLET, INC,
a Foreign Profit Corporation,
NATIONAL ENTERTAINMENT NETWORK, LLC
a Foreign Limited Liability Company,

               Defendants.

| | |
|---|---|
| BRIAN L. FANTICH (P60935) | COURTNEY A. JONES (P69731) |
| Law Offices of Kelman & Fantich | **Kallas & Henk, PC** |
| Attorney for Plaintiff | Attorney for Defendant National Ent |
| 30903 Northwestern Hwy Ste 270 | 43902 Woodward Ave, Suite 200 |
| Farmington Hills, MI 48334-3148 | Bloomfield Hills, MI 48302 |
| (248) 855-0100 | (248) 335-5450 ext 214 |
| bfantich@kelmanfantich.com | cjones@kallashenk.com |
| kelmanandassociates@yahoo.com - Asst | kkallas@kallashenk.com - Asst |
| | |
| | JOEL C. BRYANT (P79506) |
| | Miller Canfield Paddock & Stone PLC |
| | Attorney for Defendant Ollie's |
| | 101 N Main St, Suite 700 |
| | Ann Arbor, MI 48104 |
| | (734) 663-2445 |
| | bryant@millercanfield.com |

## **STIPULATED ORDER OF DISMISSAL OF DEFENDANT NATIONAL ENTERTAINMENT NETWORK, LLC, ONLY**

At a session of said Court held in the Courthouse, in the
City of Mt. Clemens, County of Macomb, State of Michigan, on
          07/18/2025        ,
PRESENT:  HONORABLE MICHAEL E. SERVITTO
CIRCUIT COURT JUDGE

Upon the stipulation of the parties, as evidenced by their signatures below, and the Court

being otherwise fully advised in the premises;

**IT IS HEREBY AGREED** by and between the parties that Defendant National Entertainment Network, LLC does not own, possess, or control the premises located at 45100 Northpointe Blvd, Utica, Michigan, where the incident alleged in the complaint allegedly occurred.

**IT IS HEREBY FURTHER AGREED** by and between the parties that Defendant Ollie's Bargain Outlet, Inc. owns, possesses, and/or controls the premises located at 45100 Northpointe Blvd, Utica, Michigan, where the incident alleged in the complaint allegedly occurred.

**IT IS HEREBY ORDERED** that this case is dismissed with prejudice, but without costs, interest, and attorney fees as to Defendant, National Entertainment Network, LLC, only.

**IT IS FURTHER ORDERED** that this is a not a final order and does not close this file.

07/18/2025

_____
CIRCUIT COURT JUDGE

/S/ MICHAEL SERVITTO
CIRCUIT COURT JUDGE, P66434

Approved as to Substance and Form:

/s/Brian L. Fantich_____
BRIAN L. FANTICH (P60935)
Attorney for Plaintiff

/s/Courtney A. Jones_____
COURTNEY A. JONES (P69731)
Attorney for Defendant

/s/Joel C. Bryant_____
JOEL C. BRYANT (P79506)
Attorney for Defendant Ollie's

2

| STATE OF MICHIGAN<br>COUNTY OF MACOMB<br>16TH JUDICIAL CIRCUIT | DISCLOSURE, DISCOVERY AND<br>CASE EVALUATION ORDER | Case No: **2025-002474-NO** |
|---|---|---|
| Plaintiff Name:<br><br>**MARTHA STREICHERT** | v | Defendant Name:<br><br>**OLLIES BARGAIN OUTLET INC et al** |

This Disclosure, Discovery and Case Evaluation Order shall govern all parties and their respective counsel.

1. This order shall be binding on all parties in this case, regardless of when they appear in the action.

2. The parties shall provide initial disclosures pursuant to MCR 2.302(A).

3. All discovery, including depositions, interrogatories, medical examination, etc. shall be completed by 01/19/2026.  Unless ordered otherwise, a date for the completion of discovery means the serving party shall initiate the discovery by a time that provides for a response or appearance, per these rules, before the completion date.  See MCR 2.301(B)(4).

4. Parties have an obligation to supplement disclosures and discovery responses.  See MCR 2.302(E).

5. Summary disposition motion(s) must be filed and heard by 04/20/2026.

6. Case evaluation shall occur after the close of discovery. You will receive a notice scheduling the date and time of case evaluation.

7. To the extent not required as initial disclosures, witness lists, including identification of experts and their field of expertise, names and addresses, shall be furnished by plaintiff(s) to defendant(s) on 10/21/2025 and by defendant(s) to plaintiff(s) on 11/05/2025.

8. An extension of the deadlines in this order or a specific discovery schedule differing from this order shall only be granted by order in the discretion of the trial judge.

Dated: July 23, 2025            _____
                                          MICHAEL E SERVITTO
                                          Circuit Court Judge

## TRIAL PROCEDURAL ORDER

Go to https://www.macombgov.org/departments/16th-judicial-circuit-court/judges to view the Honorable MICHAEL E SERVITTO's page for trial requirements.



JAMES E JOHNSON
150 W JEFFERSON AVE SUITE 2500

DETROIT, MI  48226

| STATE OF MICHIGAN<br>COUNTY OF MACOMB<br>16TH JUDICIAL CIRCUIT | **DISCLOSURE, DISCOVERY AND<br>CASE EVALUATION ORDER** | Case No: **2025-002474-NO** |
|---|---|---|
| Plaintiff Name:<br><br>**MARTHA STREICHERT** | v | Defendant Name:<br><br>**OLLIES BARGAIN OUTLET INC et al** |

This Disclosure, Discovery and Case Evaluation Order shall govern all parties and their respective counsel.

1. This order shall be binding on all parties in this case, regardless of when they appear in the action.

2. The parties shall provide initial disclosures pursuant to MCR 2.302(A).

3. All discovery, including depositions, interrogatories, medical examination, etc. shall be completed by 01/19/2026.  Unless ordered otherwise, a date for the completion of discovery means the serving party shall initiate the discovery by a time that provides for a response or appearance, per these rules, before the completion date.  See MCR 2.301(B)(4).

4. Parties have an obligation to supplement disclosures and discovery responses.  See MCR 2.302(E).

5. Summary disposition motion(s) must be filed and heard by 04/20/2026.

6. Case evaluation shall occur after the close of discovery. You will receive a notice scheduling the date and time of case evaluation.

7. To the extent not required as initial disclosures, witness lists, including identification of experts and their field of expertise, names and addresses, shall be furnished by plaintiff(s) to defendant(s) on 10/21/2025 and by defendant(s) to plaintiff(s) on 11/05/2025.

8. An extension of the deadlines in this order or a specific discovery schedule differing from this order shall only be granted by order in the discretion of the trial judge.

Dated: July 23, 2025

_____
MICHAEL E SERVITTO
Circuit Court Judge

**TRIAL PROCEDURAL ORDER**

Go to https://www.macombgov.org/departments/16th-judicial-circuit-court/judges to view the Honorable MICHAEL E SERVITTO's page for trial requirements.



BRIAN L. FANTICH
30903 NORTHWESTERN HWY   # 270

FARMINGTON HILLS, MI  48334

| STATE OF MICHIGAN<br>COUNTY OF MACOMB<br>16TH JUDICIAL CIRCUIT | DISCLOSURE, DISCOVERY AND<br>CASE EVALUATION ORDER | Case No: **2025-002474-NO** |
|---|---|---|
| Plaintiff Name:<br><br>**MARTHA STREICHERT** | v | Defendant Name:<br><br>**OLLIES BARGAIN OUTLET INC et al** |

This Disclosure, Discovery and Case Evaluation Order shall govern all parties and their respective counsel.

1. This order shall be binding on all parties in this case, regardless of when they appear in the action.

2. The parties shall provide initial disclosures pursuant to MCR 2.302(A).

3. All discovery, including depositions, interrogatories, medical examination, etc. shall be completed by 01/19/2026.  Unless ordered otherwise, a date for the completion of discovery means the serving party shall initiate the discovery by a time that provides for a response or appearance, per these rules, before the completion date.  See MCR 2.301(B)(4).

4. Parties have an obligation to supplement disclosures and discovery responses.  See MCR 2.302(E).

5. Summary disposition motion(s) must be filed and heard by 04/20/2026.

6. Case evaluation shall occur after the close of discovery. You will receive a notice scheduling the date and time of case evaluation.

7. To the extent not required as initial disclosures, witness lists, including identification of experts and their field of expertise, names and addresses, shall be furnished by plaintiff(s) to defendant(s) on 10/21/2025 and by defendant(s) to plaintiff(s) on 11/05/2025.

8. An extension of the deadlines in this order or a specific discovery schedule differing from this order shall only be granted by order in the discretion of the trial judge.

Dated: July 23, 2025

_____
MICHAEL E SERVITTO
Circuit Court Judge

### TRIAL PROCEDURAL ORDER

Go to https://www.macombgov.org/departments/16th-judicial-circuit-court/judges to view the Honorable MICHAEL E SERVITTO's page for trial requirements.

JOEL C. BRYANT
101 N MAIN ST STE 700

ANN ARBOR, MI  48104-1477

| STATE OF MICHIGAN<br>COUNTY OF MACOMB<br>16TH JUDICIAL CIRCUIT | **DISCLOSURE, DISCOVERY AND**<br>**CASE EVALUATION ORDER** | Case No: **2025-002474-NO** |
|---|---|---|
| Plaintiff Name:<br><br>**MARTHA STREICHERT** | v | Defendant Name:<br><br>**OLLIES BARGAIN OUTLET INC et al** |

This Disclosure, Discovery and Case Evaluation Order shall govern all parties and their respective counsel.

1. This order shall be binding on all parties in this case, regardless of when they appear in the action.

2. The parties shall provide initial disclosures pursuant to MCR 2.302(A).

3. All discovery, including depositions, interrogatories, medical examination, etc. shall be completed by 01/19/2026.  Unless ordered otherwise, a date for the completion of discovery means the serving party shall initiate the discovery by a time that provides for a response or appearance, per these rules, before the completion date.  See MCR 2.301(B)(4).

4. Parties have an obligation to supplement disclosures and discovery responses.  See MCR 2.302(E).

5. Summary disposition motion(s) must be filed and heard by 04/20/2026.

6. Case evaluation shall occur after the close of discovery. You will receive a notice scheduling the date and time of case evaluation.

7. To the extent not required as initial disclosures, witness lists, including identification of experts and their field of expertise, names and addresses, shall be furnished by plaintiff(s) to defendant(s) on 10/21/2025 and by defendant(s) to plaintiff(s) on 11/05/2025.

8. An extension of the deadlines in this order or a specific discovery schedule differing from this order shall only be granted by order in the discretion of the trial judge.

Dated: July 23, 2025      _____
                                     MICHAEL E SERVITTO
                                       Circuit Court Judge

## TRIAL PROCEDURAL ORDER

Go to https://www.macombgov.org/departments/16th-judicial-circuit-court/judges to view the Honorable MICHAEL E SERVITTO's page for trial requirements.



COURTNEY A JONES
43902 WOODWARD AVE  #200

BLOOMFIELD HILLS, MI  48302

| STATE OF MICHIGAN COUNTY OF MACOMB 16TH JUDICIAL CIRCUIT | DISCLOSURE, DISCOVERY AND CASE EVALUATION ORDER | Case No: **2025-002474-NO** |
|---|---|---|
| Plaintiff Name:<br><br>**MARTHA STREICHERT** | v | Defendant Name:<br><br>**OLLIES BARGAIN OUTLET INC et al** |

This Disclosure, Discovery and Case Evaluation Order shall govern all parties and their respective counsel.

1. This order shall be binding on all parties in this case, regardless of when they appear in the action.

2. The parties shall provide initial disclosures pursuant to MCR 2.302(A).

3. All discovery, including depositions, interrogatories, medical examination, etc. shall be completed by 01/19/2026.  Unless ordered otherwise, a date for the completion of discovery means the serving party shall initiate the discovery by a time that provides for a response or appearance, per these rules, before the completion date.  See MCR 2.301(B)(4).

4. Parties have an obligation to supplement disclosures and discovery responses.  See MCR 2.302(E).

5. Summary disposition motion(s) must be filed and heard by 04/20/2026.

6. Case evaluation shall occur after the close of discovery. You will receive a notice scheduling the date and time of case evaluation.

7. To the extent not required as initial disclosures, witness lists, including identification of experts and their field of expertise, names and addresses, shall be furnished by plaintiff(s) to defendant(s) on 10/21/2025 and by defendant(s) to plaintiff(s) on 11/05/2025.

8. An extension of the deadlines in this order or a specific discovery schedule differing from this order shall only be granted by order in the discretion of the trial judge.

Dated: July 23, 2025                     _____
                                          MICHAEL E SERVITTO
                                          Circuit Court Judge

**TRIAL PROCEDURAL ORDER**

Go to https://www.macombgov.org/departments/16th-judicial-circuit-court/judges to view the Honorable MICHAEL E SERVITTO's page for trial requirements.



File Copy

'